[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13475
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00066-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERSCHEL PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 13, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Herschel Phillips appeals his 38-month sentence, imposed above the applicable

guideline range, after pleading guilty to one count of distribution of cocaine

hydrochloride, in violation of 21 U.S.C. § 841(a)(1) . On appeal, Phillips argues that the district court effectively rejected his plea agreement that dismissed three counts against him by imposing a sentence that would have been within the guideline range had there not been a plea agreement. After careful review, we affirm.

We review a variance from the guideline range for reasonableness under an abuse-of-discretion standard. United States v. Shaw, 560 F.3d 1230, 1232, 1237 (11th Cir.), cert. denied, 129 S.Ct. 2847 (2009). Under the abuse-of-discretion standard, we will not reverse a district court so long as its ruling "does not constitute a clear error of judgment." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

Pursuant to 18 U.S.C. § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider other § 3553(a) factors under the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1188-90 (11th Cir. 2008). The other § 3553(a) factors include: the nature and circumstances of the

offense and the history and characteristics of the defendant; the kinds of sentences available; the Sentencing Guidelines range; pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). The weight accorded to the § 3553(a) factors is left to the district court's discretion. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Extraordinary justification is not required for a sentence outside the guidelines range, but the district court should explain why the variance is appropriate in a particular case with sufficient justification to support the degree of variance. Shaw, 560 F.3d at 1238. The "justification for the variance must be sufficiently compelling to support the degree of the variance." United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quotation omitted), petition for cert. filed, (U.S. Nov. 24, 2010) (No. 10-727). We "may not presume that a sentence outside the guidelines is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. (quotation omitted). We may "vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Shaw, 560 F.3d

3

at 1238 (quotations omitted).

Comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006). In imposing a variance in light of the factors set forth in § 3553(a), it is permissible for the district court to consider conduct that had already been considered in calculating the defendant's guideline range. United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008). The burden of establishing that the sentence is unreasonable, considering both the record and the § 3553(a) factors, is on the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Contrary to Phillips's contention that the district court did not "accept" his plea agreement because it imposed a sentence that was within the guideline range had there not been a plea agreement, a review of the record indicates that the court accepted his plea agreement and imposed an upward variance based on the 18 U.S.C. § 3553(a) factors. The district court said that it considered the § 3553(a) factors. See United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007) (holding that a "court need not state on the record that it has considered each of the § 3353(a) factors," and an acknowledgment that it has considered the § 3353(a) factors will suffice). It also explained why the variance was appropriate here with sufficient justification to

support the degree of variance. <u>See</u> <u>Irey</u>, 612 F.3d at 1187. Further, Phillips's 38-month sentence was well below the statutory maximum of 20 years' imprisonment. <u>See</u> <u>Valnor</u>, 451 F.3d at 751-52. Considering the § 3553(a) factors and the discretion accorded to the district court in evaluating and weighing those factors, the district court did not abuse its discretion in applying an upward variance of 17 months above the top of the guideline range.

**AFFIRMED.**